# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0847 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| C.O. ODEN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Dawn Marie Ball ("Ball") is an inmate confined at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania. Pending is one of four (4) civil rights actions Ball filed pursuant to 42 U.S.C. § 1983 on May 5, 2009. Named as Defendants are Jeffrey Beard, Secretary at the Pennsylvania Department of Corrections ("DOC"), and thirty-three (33) SCI-Muncy employees.[1] In the complaint, Ball sets forth numerous instances where Defendants allegedly interfered with, confiscated and/or destroyed her mail and property. The allegations span the time period from April of 2007, through the filing of the complaint. Before the Court for consideration are Plaintiff's motion for counsel (Doc. No. 4), motion for injunctive relief (Doc. No. 5), and motion for order to conduct discovery (Doc. No. 26). Also pending is Defendants' motion to stay discovery (Doc. No. 20), and motion to dismiss the complaint (Doc. No. 17).[2]

---

[1] The SCI-Muncy Defendants are as follows: Marirosa Lamas, Superintendent; Deputy Superintendent Smith; Superintendent's Assistant Troy Edwards; Mailroom Supervisor Peterson; Business Manager Koleno; Librarian Kopshina; and Correctional Officers Eiswerth, Eckroth, Oden, Reid, Curham, Pinard, Rager, Wolford, Gair, Hummel, Keen, Foulds, Griner, Campbell, Robernolt, Gridley, Winder, Blessing, Sisley, Smith, Craver, Miller, Redding, Aikey, Nolte, Baker and Barto.

[2] Defendants' motion to dismiss will be addressed by the Court in a separate Memorandum and Order to be issued in due course.

**I.    Background**

In the complaint Ball alleges that in April of 2007, Defendants Oden and Reid packed up the property in her cell. It was not until May 26, 2007, when Ball claims she discovered property was missing after receiving the property sheet. The missing property included hand and finger braces, paper folders, mail, brushes, pens, mirrors, combs and toothbrushes. (Doc. No. 1, Compl. at 2.)[3] Ball further alleges that Defendant Pinard destroyed personal hygiene items such as lotion, moisture cream, soap, deodorant, shampoo and toothpaste, a pair of glasses, shower shoes, a mirror and unopened mail from 9/17/07 through 9/19/07. (Id.) Defendant Ragar is alleged to have deprived her of mail during the same time period, while Defendant Redding withheld her mail from August of 2007 through October of 2007.

Ball claims that Defendant Campbell, who is responsible for distributing the incoming mail, failed to "secure the mail" from January 23, 2008 through February 19, 2008. On March 11, 2008, Defendant Keen took a manilla envelope that Ball needed to mail. She claims the envelope was never mailed, and she never received a cash slip or the return of the envelope. (Id.) On April 7, 2008, and during August of 2008, Defendant Smith told Ball he would return her property, but never did.

According to Ball, Defendant Fould interfered with her mail on August 3, 2008. There are further allegations of mail interference on January 23, 2008, February 19, 2008, September 17-19, 2008, and October 23, 2008 against Defendants Griner and Campbell. Defendants

---

[3] In referencing documents contained in the record, the Court will refer to the page numbers assigned by the Court's Electronic Document Filing System (ECF).

Robernolt and Sisley are alleged to have confiscated and destroyed Ball's mail in March of 2008, as well as June through August of 2008. Defendant Gridley engaged in this same activity from January of 2009 through March of 2009. (Id. at 2.) On an unspecified date, Ball claims Defendant Curham confiscated and destroyed Ball's legal documents.

In September of 2008, Ball claims Defendant Edwards failed to process sixteen (16) copies of grievances that she had given him, and failed to return them to her. She claims these were her only copies, but they were never processed. Edwards also failed to give Ball a letter her attorney faxed to her in December of 2008, and puzzles her mother sent to her in January of 2009.

Ball contends that Defendants Wolford and Gair violated her rights on October 26, 2008, when they searched her cell in her absence. She claims they confiscated magazines, drawings and papers. Defendants Hummel and Craver also went through her property in her absence and confiscated/destroyed many of her personal items, as well as some "legal stuff." (Id.)

Defendants Eiswerth, Blessing, Smith and Miller are claimed to have gone through and thrown out personal property belonging to Ball in June of 2008, and on August 7, 2008 and October 18, 2008. Blessing also withheld fifty-six (56) pieces of Ball's mail for over one (1) month on January 13, 2009. On an unspecified date, Defendant Winder threw out articles of Ball's old clothing after she had gotten new clothing. Ball contends that the old clothes should have been placed with her property.[4]

Beginning on February 9, 2009, and continuing into March of 2009, Ball claims

---

[4] Ball specifically refers to five (5) pairs each of panties and socks, five (5) bras and five (5) t-shirts.

Defendants Peterson and Koleno took eighty-three (83) pieces of her incoming and outgoing mail. Defendant Peterson is also claimed to have taken outgoing mail belonging to Ball that was to be sent out on March 11, 2008, August 3, 2008 and various dates in April of 2009. Ball's roommate informed her that Defendants were reading and copying her mail. (Id. at 4.) Ball states that Defendants have scared her roommate because they saw Ball's address appearing on her roommate's mail.

Ball also sets forth claims against Defendant Kopshina, the librarian at SCI-Muncy. According to Ball, Kopshina failed to copy items that Ball sent on February 16, 2009, and March 1 and 20, 2009. She is also alleged to have denied Ball's request for legal forms on an unspecified date. Ball further complains that in February of 2009, Kopshina failed to copy or return five (5) motions that Ball intended to file in Civil Action No. 08-700, a case presently pending in this Court. Because of Kopshina's actions Ball states she was unable to file the motions.

In April of 2009, Ball claims Defendant Gridley stole personal property from one (1) of the five (5) bags previously taken. Defendants Aikey and Eckroth refused to give Ball copies of the property sheets from her boxes. On April 23 and 24, 2009, Defendant Winder refused to give Ball unspecified "supplies." (Id. at 6.) Defendant Baker is alleged to have refused to give Ball her mail on April 24, 2009, and Defendant Barto refused to do anything about Baker's actions. On April 26, 2009, Defendant Peterson held two (2) pieces of Ball's outgoing mail for two (2) days before returning them to her. Ball claims that this violates policy which requires that any unprocessed mail must be returned to her within twenty-four (24) hours. She also complains about three (3) pieces of outgoing personal mail never sent out to her mother and her

4

friend.

Ball challenges Defendant Wright's action in informing her on May 1, 2009, that she is only permitted to put out labeled envelopes. This restriction is pursuant to the orders of Defendants Koleno and Lamas because Ball "circumvented" the mail rules. Marirosa Lamas, Superintendent at SCI-Muncy, is named as a Defendant because Lamas "allows the other Defendants to get away with these violations." (Id. at 8.) Defendant Beard is liable because, as the Secretary of the DOC, he is the policymaker. As relief for all of the foregoing violations, Ball seeks an order directing Defendants to return/replace all missing and destroyed property as well as monetary damages.

## II. Discussion

### A. Motion for Counsel

Plaintiff moves for the appointment of counsel in this action. (Doc. No. 4.) In support of her request she claims that: (1) she is unable to afford counsel; (2) her imprisonment limits her ability to litigate; (3) her case is complex; (4) she has limited access to the law library; (5) staff obstructs her access to supplies, pens and court forms; (6) an attorney will be necessary for the trial in this case; and (7) she has psychological problems and cognitive disorders which prevent her from comprehending and functioning normally. (Doc. No. 4.)

As Ball has been advised on numerous occasions in other actions she has pending before this Court, while prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v.

5

Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the merits of Ball's claims, for the sole purpose of this motion the Court will assume that the case has at least some arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Ball's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. Ball has filed numerous civil rights actions in the Middle District of Pennsylvania and, at the present time, has seven (7) active

cases pending. The pleadings submitted thus far do not contain complicated legal issues, and the dockets in this as well as Ball's other cases demonstrate that she is clearly able to litigate this action on her own. She has demonstrated her ability to file and oppose motions and, although confined in the RHU, does have access to the law library. Although Ball claims she is refused supplies by the staff at SCI-Muncy, the dockets in each of her pending cases completely undermine this argument. Any concern on her part, with respect to trial preparation, is premature. It cannot be said, at least at this point, that Ball will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Ball's apparent ability to litigate this action, weigh against the appointment of counsel. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Ball.

### B.  Motion for Injunctive Relief

Ball has also filed a motion for injunctive relief. (Doc. No. 5.) In the motion and brief in support thereof, she claims that ever since she has been confined in the RHU at SCI-Muncy, Defendants have taken and destroyed her property and mail, including legal items, and refuse to return the property. She argues that Defendants retaliate by obstructing her from pursuing her legal matters, and show prejudice by labeling her mail. She contends that her access to the law library is refused, and without court intervention she will suffer irreparable harm in her attempt to access the courts. (Id. at 2.) She requests an order directing Defendants to return all property preventing them from any further tampering. She also requests an order directing that any search of property occurs only in her presence.

7

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001); see also United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action.

8

See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In opposing Ball's motion for injunctive relief, Defendants have submitted a brief and a supporting appendix. (Doc. Nos. 12, 13.) These submissions support Defendants' position that Ball fails to demonstrate a reasonable probability of success on the merits. With regard to her claim that she is being denied access to the law library, Defendants state that because Ball is housed in the RHU in Disciplinary Custody, she is limited to requesting library three (3) times per week. Defendants rely on DC-ADM 007, which sets forth the relevant policy section. They further submit evidence to establish that Ball has received misconducts and an Inmate Activity Restriction Form due to her destructive behavior, and that she has refused to participate in several law library appointments. (Doc. No. 13, App., Exs. A-1 through A-4.)

Defendants further argue that Ball cannot prevail on her claims that they are obstructing her access to the courts. While an inmate has te right to access the courts to petition for redress of grievance, the inmate must demonstrate that he or she suffered an actual injury as a result of the denial. Lewis v. Casey, 518 U.S. 343 (1996). The inmate must describe the underlying cause of action in the complaint that was frustrated, as well as the acts taken by Defendants to frustrate the access to the court. See Christopher v. Harbury, 536 U.S. 403 (2002).

In the instant action, Ball does allege in her complaint that she sent five (5) motions to Defendant Kopshina to be copied that were never sent back to her, and that this was going to

9

"cause a problem with Civil Action No. 08-700," an action pending in this Court. (Doc. No. 1, Compl. at 3.) Ball does not demonstrate that she has suffered any actual injury with respect to this pending lawsuit, let alone describe the nonfrivolous nature of the proceedings.[5] Further, as Defendants also point out, Ball was able to file the instant lawsuit, as well as several others in this Court on the same date, which clearly undermines her argument that Defendants are obstructing her ability to access the courts.[6]

Defendants also contend that Ball has failed to exhaust many of her claims as required by 42 U.S.C. § 1997e(a). The Pennsylvania DOC Inmate Grievance System is set forth in DOC-804 and consists of a three-step process which requires an inmate to file an initial grievance, an appeal to the superintendent and, thereafter, a final appeal to the Secretary's Office of Inmate Grievances and Appeals. Defendants specifically cite to Ball's failure to exhaust her claims with respect to (1) Defendant Kopshina's failure to process library slips; (2) her missing property following the packing of her cell by Defendants Oden and Reid and (3) her claims against Defendant Edwards. (Doc. No. 12 at 8-12.) They argue that Ball has failed to exhaust her claims through final review. In support of their position, they submit the Declaration of Defendant Edwards and supporting exhibits consisting of copies of grievances, appeals and responses thereto. (Id., App. A.)

Defendants final argument that Ball has not established a likelihood of success on the

---

[5] In fact, a review of the docket in Civil Action No. 08-700 reveals that a Memorandum and Order was recently issued by this Court on February 3, 2010, allowing Plaintiff the opportunity to file an amended complaint in said action.

[6] See Civil Action Nos. 09-844, 09-845 and 09-846. She also filed an action in the Eastern District of Pennsylvania the day before the instant action, see Ball v. Lamas, et al., Civil Action No. 09-1918 (E.D. Pa. May 4, 2009).

merits is with respect to claims of mail and property confiscation/destruction. Defendants submit copies of misconducts Ball has received for destroying, tampering with or damaging property and documents that show that she has only been allowed minimal to no property in her cell due to her behavior. (Id., App., Exs. A-21, A-22.) Further, because Ball is housed in the RHU, certain restrictions exist with respect to the retention of property in an RHU cell. Pursuant to DC-ADM 801, Section 6.A.3, an inmate in disciplinary custody is not permitted to have radio, television, telephone calls and personal property, with the exception of toilet articles, written materials and prescribed medications. A DC inmate is only permitted to maintain in his/her cell personal property that fits into one standard sized records center box. Id., Section 6.A.7. In addition, a DC inmate is provided with an orange RHU jumpsuit and slip on canvas footwear. Basic issue toilet articles are provided upon request. DC inmates are also permitted to have three pairs of personal undergarments. No other personal property is permitted with the exception of outerwear for exercise, which is provided as needed. Id., Section 6.A.8. For these reasons, Defendants maintain that Ball is unable to demonstrate the likelihood of success on the merits.

They further contend that even if the Court were to assume Ball could make such a demonstration and that she would suffer irreparable injury if an injunction were not to issue, she still fails to meet her burden in establishing that injunctive relief is warranted. Defendants argue that they, as the moving party, would suffer significant harm if the injunction were issued, and the public interest would not be served. Defendants maintain that by directing them to return her property and to not label her mail, they would suffer even greater harm due to the interference and the second-guessing by the Court of Defendants' judgment with respect to the orderly operation of the prison.

In responding to Defendants' opposition, Ball submits a twenty-six (26) page handwritten document which basically asserts the following. (Doc. No. 16.) First, Ball reiterates many of the claims set forth in her complaint and motion for injunctive relief. Second, she attempts to argue that she can not counter Defendants' arguments because they have all of her "evidence." She devotes the bulk of her filing to arguing that she can overcome many of Defendants' arguments, including exhaustion and failure to demonstrate actual injury, if the Court directs Defendants to return all of her property. She insists that the confiscated property contains documents which both support her exhaustion efforts, as well as Defendants' actions in thwarting exhaustion. She also claims that there are documents which support many other claims set forth in the complaint. Third, she attempts to counter many of Defendants' exhibits by arguing that Defendants have "falsified" the documents, and "tampered" with them. (Id. at 9, 10.)

Based upon the record before the Court, Ball has failed to establish a likelihood of success on the merits of her claims or that she will suffer irreparable injury if her motion is denied. Defendants have come forth with substantial evidence with regard to many of her claims that she has failed to exhaust her administrative remedies or that she has failed to state a claim. Further, Ball clearly has an adequate remedy at law, as she is utilizing that remedy by filing this action. There is no indication that she will suffer irreparable harm before a decision on the merits can be rendered. Presently pending is Defendants' motion to dismiss the complaint. Ball can raise any exhaustion and actual injury arguments she desires in response to Defendants' motion. In addressing the motion to dismiss, all facts alleged in the complaint are accepted as true, and any inferences therefrom are construed in Ball's favor. Once the Court has found that

Ball has stated arguable claims, she will be provided with the opportunity to conduct discovery to obtain evidence in support of her claims. While Ball fiercely argues that she is unable to support her claims with evidentiary materials because Defendants have confiscated the necessary documents, this is an issue that can be resolved by the Court at that time. For these reasons, the pending motion for injunctive relief will be denied.

### C. Defendants' Motion to Stay Discovery

Defendants have filed a motion to stay discovery in this action pending the Court's resolution of their outstanding motion to dismiss the complaint. (Doc. No. 20.) Defendants state that while Plaintiff has never served discovery requests on them, her First Request for Production of Documents was electronically filed with the Court on July 8, 2009.[7] (Doc. No. 15.) Even if this request had been properly served, Defendants maintain that their pending motion to dismiss will dispose of many of the claims against them, and that no leave to amend with respect to such claims is warranted. Defendants further maintain that there is no prejudice to staying discovery as the case is at an early stage and, if necessary, there will be time following resolution of the motion to dismiss to engage in discovery.

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. See, e.g., Coastal States Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979); In re Orthopedic Bone Screw Product Liability Lit., 264 F.3d 344, 365 (3d Cir. 2001). A stay of discovery is not appropriate solely because a motion to

---

[7] Plaintiff filed her discovery request with the Court, but apparently failed to serve Defendants with a copy of the requests. Pursuant to M.D. Pa. L. R. 5.4, discovery requests are to be served upon opposing counsel and parties, but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the Court.

dismiss is pending.  19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000).  But, a stay can be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."  Id. (quoting Weisman v. Mediq, Inc., No. 95-1831, 1995 WL 2736678 at *2 (E.D. Pa. 1995)).

In the pending motion to dismiss, Defendants raise grounds that would dispose of many of the claims, as well as streamline the issues in this case.  The grant of the motion to stay discovery, at least at this point, eliminates the need to engage in costly discovery.  Plaintiff argues that she will suffer prejudice if the motion to stay is granted because she needs to conduct discovery to oppose Defendants' motion to dismiss.  (Doc. No. 24.)  However, discovery is not necessary in ruling on the grounds raised in Defendants' pending motion to dismiss.  The motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating the motion, the Court accepts as true the factual allegations set forth by Ball in her complaint, and construes any inferences in her favor.  See Evancho v. Fisher, 423 F.3d 347, 350 93d Cir. 2005).  The Court looks at the face of the complaint to see if it contains enough facts to state a claim to relief above the speculative level.  See Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).  Because discovery is not necessary to oppose Defendants' motion, and there is no prejudice in staying discovery pending resolution of the motion to dismiss, Defendants' motion to stay will be granted.[8]

---

[8] Based upon this ruling, Plaintiff's pending Motion for Order to conduct interviews and obtain declarations (Doc. No. 26) will be denied without prejudice.  Further, the Clerk of Court will be directed to strike from the record and return to Plaintiff her First Request for the Production of Documents (Doc. No. 15), and the declarations she has filed in this action which are not related to any motion currently pending in this action. (Doc. Nos. 31-38.)  Following

An appropriate Order follows.

---

resolution of Defendants' motion to dismiss, Plaintiff is advised that any discovery requests must be served upon opposing counsel in accordance with M.D. Pa. L.R. 5.4.  Also, the submission of any evidence must be in conjunction with a motion pending before the Court.

15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0847 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| C.O. ODEN, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW, THEREFORE, THIS 16th DAY OF FEBRUARY, 2010,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Counsel (Doc. No. 4) is **denied without prejudice**.

2. Plaintiff's Motion for Injunctive Relief (Doc. No. 5) is **denied.**

3. Defendants' Motion to Stay Discovery (Doc. No. 20) is **granted** pending resolution of Defendants' motion to dismiss dismissed.

4. Plaintiff's Motion for Order to conduct discovery (Doc. No. 26) is **denied without prejudice**.

5. The Clerk of Court is directed to strike from the record and return to Plaintiff the declarations filed in this action on October 2, 2009, October 9, 2009 and December 29, 2009 (Doc. Nos. 31-38).

 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania