## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | **Civil No. 1:09-CV-847** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **C.O. ODEN et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Statement of Facts and of the Case

### A.  Introduction

The plaintiff, Dawn Ball, is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and candidly acknowledges that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my hands till they bleed, confusion, PTSD, disassociative disorder, I smell, see and hear things not there, severely stressed, phobias, agoraphobia, severe anxiety, lack of interest in things, lack of arousal in thing, racing thoughts, suicidal, cognitive problems and disorders, lack of interest in life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845, (Doc. 42,  pp. 6-7).

While she suffers from paranoia, schizophrenia, and experiences these visual and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison. Indeed, at present Ball has a total of sixteen lawsuits pending before this court.[1]

Ball is also a prodigiously unsuccessful litigant, who has had at least three prior lawsuits dismissed either for failure to exhaust her administrative remedies, or as frivolous on the grounds that the lawsuit failed to state a claim upon which relief could be granted. The history of repeated, frivolous and meritless litigation in federal court by this plaintiff began in March of 2008, when Ball filed a complaint in the case of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.). On December 10, 2008, the district court dismissed this civil action for failure to exhaust her administrative remedies, Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36), and on July 22, 2010, the

---

[1]See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.);Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden , No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.)

United States Court of Appeals for the Third Circuit affirmed the dismissal of this action. <u>Ball v. SCI Muncy,</u> No. 1:08-CV-391 (M.D. Pa.) (Doc. 44).

On May 5, 2009, Ball filed a second civil action in the case of <u>Ball v. Hartman,</u> No. 1:09-CV-844 (M.D. Pa.).  This action was dismissed by the district court, which found Ball's complaint to be frivolous, <u>Ball v. Hartman</u>, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36) and Ball's appeal of this dismissal order was summarily denied by the court of appeals pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  <u>Ball v. Hartman</u>, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48).

While this action was pending, Ball filed yet another lawsuit in the case of <u>Ball v. Butts,</u> No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011. <u>Ball v. Butts,</u> No. 1:11-CV-1068 (M.D.Pa.)(Doc. 1).  On June 15, 2011, upon a screening review of this complaint, the district court dismissed this action for failure to state a claim upon which relief could be granted. <u>Ball v. Butts,</u> No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8)  Ball appealed this dismissal. <u>Ball v. Butts,</u> No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10) On September 21, 2011, the court of appeals entered an opinion and order dismissing Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That appellate court opinion and

---

[2]28 U.S.C. § 1915(e)(2)(B)(I) provides that; "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal, . . . is frivolous or malicious." Thus the appellate court's October 29, 2010 ruling was tantamount to a declaration that this action was also frivolous.

order spoke unambiguously regarding the frivolous nature of this particular lawsuit

filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). This appeal lacks any such basis. As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts acted in the "clear absence of all jurisdiction." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act ... taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir.2002). Thus, we will dismiss this appeal

<u>Ball v. Butts</u>, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011)

## B.  <u>Ball's Current Lawsuit</u>

It is against this backdrop that Ball pursues the instant case.  The plaintiff

commenced this action on May 5, 2009, when Ball filed a multi-faceted civil complaint

which alleged, in part, that on various dates her "mail [and] property along [with] legal

papers were taken [and] destroyed." (Doc. 1)  On July 16, 2009, the defendants filed

a motion to dismiss this complaint, (Docs. 17-19), which was granted by the district

court on May 10, 2010, (Doc. 45).

Ball then appealed this dismissal to the United States Court of Appeals for the Third Circuit.  On April 28, 2011, the court of appeals affirmed in part and vacated in part the district court's order, affirming the dismissal of the bulk of Ball's complaint as meritless, but remanding for consideration of one specific, narrow issue – directing us to determine whether Ball's claims regarding interference with mail stated a claim under the First Amendment. (Doc. 57) Confronted with Ball's confused and confusing narrative style, the defendants then filed a motion for a more definite statement pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Docs. 77-78)  On November 16, 2011, this Court directed Ball to respond to this motion on or before November 29, 2011. (Doc. 82)

That deadline has now lapsed without any action on Ball's part to comply with this order or respond to this motion.  Accordingly, the motion will be deemed ripe and, for the reasons set forth below, Ball will be directed to file an amended complaint in this case providing a more definite statement of her mail interference claims.

## II.   Discussion

### A.   Ball Is Deemed Not To Oppose This Motion

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since Ball has failed to timely oppose the motion.  This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants granting the defendants' motion, since  Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and  provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  In this case Ball has

not complied with the local rules, or this Court's order, by filing a timely response to

this motion. Therefore, this procedural default compels the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal
> Rules are meant to be applied in such a way as to promote justice. *See*
> Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve
> cases on their merits whenever possible. However, justice also requires
> that the merits of a particular dispute be placed before the court in a
> timely fashion ...." <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157
> F.3d 191, 197 (3d Cir.1998).

<u>Lease v. Fishel</u>, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of

our legal system. A failure on our part to enforce compliance with the rules, and

impose the sanctions mandated by those rules when the rules are breached, "would

actually violate the dual mandate which guides this Court and motivates our system of

justice: 'that courts should strive to resolve cases on their merits whenever possible

[but that] justice also requires that the merits of a particular dispute be placed before

the court in a timely fashion'." <u>Id.</u> Therefore, we are obliged to ensure that one party's

refusal to comply with the rules does not lead to an unjustified prejudice to those

parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to

comply with Local Rule 7.6 by filing a timely response to the motion for more definite

statement filed by the defendants. This failure to respond now compels us to apply the

sanction called for under Rule 7.6 and deem the plaintiff to not oppose this motion for more definite statement.

### B.   The Defendants Are Entitled to a More Definite Statement of Ball's Claims

In any event we also find that the defendants are entitled, as a matter of law, to receive a more definite statement of Ball's remaining claims from the plaintiff. Therefore, we will grant this motion on its merits.

In assessing the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1950 (2009).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated when assessing the adequacy of a complaint:

> District courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In short, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.  Thus, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to

relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R.

Civ. P. 8(e)(1)." <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir.2007).

In a case such as this, where a plaintiff has not yet stated any articulable claims

against the defendants she names in a lawsuit, the vehicle for gaining an understanding

of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e)

of the Federal Rules of Civil Procedure. Rule 12(e) provides in part that:

> A party may move for a more definite statement of a pleading to which
> a responsive pleading is allowed but which is so vague or ambiguous that
> the party cannot reasonably prepare a response. The motion must be made
> before filing a responsive pleading and must point out the defects
> complained of and the details desired. If the court orders a more definite
> statement and the order is not obeyed within 14 days after notice of the
> order or within the time the court sets, the court may strike the pleading
> or issue any other appropriate order.

Fed. R. Civ. P., Rule 12(e).

Here the defendants have requested that the Court order the plaintiff to make a more

definite statement of his claims against these defendants, and we find that this case

aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more
> definite statement. Under Rule 12(e), a defendant may move for a more
> definite statement "[i]f a  pleading ... is so vague or ambiguous that a
> party cannot reasonably be required to frame a responsive pleading."
> Fed.R.Civ.P. 12(e). The Rule 12(e) "motion shall point out the defects
> complained of and the details desired." Id. When a complaint fashioned
> under a notice pleading standard does not disclose the facts underlying a
> plaintiff's claim for relief, the defendant cannot reasonably be expected
> to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion
> for a more definite statement is perhaps the best procedural tool available

to the defendant to obtain the factual basis underlying a plaintiff's claim
for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

Indeed, this case cries out for a more definite statement of the plaintiff's claims.
While this matter has been pending in the courts for two-and-one-half years, the
plaintiff's pleadings remain "so vague or ambiguous that the [defendants] cannot
reasonably prepare a response." Fed. R. Civ. P. 12(e)  Indeed, as the defendants
correctly note, in its current form, Ball's complaint: (1)"consists of pages of rambling
unnumbered paragraphs, contrary to the prescription of Federal Rule of Civil
Procedure 10(b)," (Doc. 78, p.3); (2) "ha[s] lumped together a plethora of averments
with no organization or distinction and without sequential paragraphs,"(Doc. 78, p.5);
and (3) "[t]he majority of the Complaint is now ostensibly superfluous [since many of
these claims have been dismissed]." (Doc. 78, p.5.)

We agree, and conclude that the time has now come for the plaintiff to move
beyond mere labels and assert facts which articulate a legal claim.  Accordingly, the
defendants' motion for a more definite statement will be granted, and the plaintiff is
ordered as follows:

**III.   <u>Conclusion and Order</u>**

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1.   The defendants' Motion for More Definite Statement (Doc. 77), is GRANTED.

2.   On or before **<u>December 28, 2011</u>**, the plaintiff shall file an amended complaint in this case.

3.   The plaintiff's complaint shall be limited to the interference with mail claim which was remanded by the court of appeals and must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

4.   This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already

filed. <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

5. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* her complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this 30th day of November, 2011.

<u>**S/Martin C. Carlson**</u>
Martin C. Carlson
United States Magistrate Judge