# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | Civil No. 1:09-CV-847 |
| | : | |
| Plaintiff, | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| C.O. ODEN, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

I.  **Statement of Facts and of the Case**

   A.  **Introduction**

The plaintiff, Dawn Ball, is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and candidly acknowledges that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my hands till they bleed, confusion, PTSD, disassociative disorder, I smell, see and hear things not there, severely stressed, phobias, agoraphobia, severe anxiety, lack of interest in things, lack of arousal in thing, racing thoughts, suicidal, cognitive problems and disorders, lack of interest in life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845, (Doc. 42, pp. 6-7).

While she suffers from paranoia, schizophrenia, and experiences these visual and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison. Indeed, at present Ball has a total of eighteen lawsuits pending before this Court.[1]

Ball is also a prodigiously unsuccessful litigant, who has had at least three prior lawsuits dismissed either for failure to exhaust her administrative remedies, or as frivolous on the grounds that the lawsuit failed to state a claim upon which relief could be granted. The history of repeated, frivolous and meritless litigation in federal court by this plaintiff began in March of 2008, when Ball filed a complaint in the case of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.). On December 10, 2008, the district court dismissed this civil action for failure to exhaust her administrative remedies, Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36), and on July 22, 2010, the

---

[1] See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden, No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.).

United States Court of Appeals for the Third Circuit affirmed the dismissal of this action. Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 44).

On May 5, 2009, Ball filed a second civil action in the case of Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.). This action was dismissed by the district court, which found Ball's complaint to be frivolous, Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36) and Ball's appeal of this dismissal order was summarily denied by the court of appeals pursuant to 28 U.S.C. § 1915(e)(2)(B).² Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48).

While this action was pending, Ball filed yet another lawsuit in the case of Ball v. Butts, No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 1). On June 15, 2011, upon a screening review of this complaint, the district court dismissed this action for failure to state a claim upon which relief could be granted Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8). Ball appealed this dismissal. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10). On September 21, 2011, the court of appeals entered an opinion and order dismissing Ball's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). That appellate court opinion and

---

²28 U.S.C. § 1915(e)(2)(B)(i) provides that; "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal, . . . is frivolous or malicious." Thus the appellate court's October 29, 2010 ruling was tantamount to a declaration that this action was also frivolous.

order spoke unambiguously regarding the frivolous nature of this particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).This appeal lacks any such basis. As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts acted in the "clear absence of all jurisdiction." Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act ... taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir.2002). Thus, we will dismiss this appeal

Ball v. Butts, No. 11-2862, 2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).

### B.   **Ball's Current Lawsuit**

It is against this backdrop that Ball pursues the instant case. The plaintiff commenced this action on May 5, 2009, when Ball filed a multi-faceted civil complaint which alleged, in part, that on various dates her "mail [and] property along [with] legal papers were taken [and] destroyed." (Doc. 1)  On July 16, 2009, the defendants filed a motion to dismiss this complaint, (Docs. 17-19), which was granted by the district court on May 10, 2010, (Doc. 45).

Ball then appealed this dismissal to the United States Court of Appeals for the Third Circuit. On April 28, 2011, the court of appeals affirmed in part and vacated in part the district court's order, affirming the dismissal of the bulk of Ball's complaint as meritless, but remanding for consideration of one specific, narrow issue – directing us to determine whether Ball's claims regarding interference with mail stated a claim under the First Amendment. (Doc. 57) Confronted with Ball's confused and confusing narrative style, the defendants then filed a motion for a more definite statement pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Docs. 77-78) On November 16, 2011, this Court directed Ball to respond to this motion on or before November 29, 2011. (Doc. 82)

When this deadline lapsed without any action on Ball's part to comply with this order or respond to this motion, we entered an opinion and order directing Ball to file an amended complaint in this case providing a more definite statement of her mail interference claims. (Doc. 83) Although Ball did not comply with the briefing schedule originally set by this Court on December 2, 2011, to oppose this motion, she filed a motion, in the nature of a motion to reconsider this ruling, on December 2, 2011. (Docs. 84 and 85) We have considered the grounds set forth in this motion for reconsideration of our prior ruling, and conclude that they are inadequate to set aside that prior ruling. Accordingly, this motion will be denied.

## II. Discussion

### A. Motions to Reconsider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### B. The Defendants Are Entitled to a More Definite Statement of Ball's Claims

Here, we find that Ball's motion to reconsider fails because, the defendants are entitled, as a matter of law, to receive a more definite statement of Ball's remaining claims from the plaintiff. Therefore, we will deny this motion to reconsider.

In assessing the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1950 (2009).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated when assessing the adequacy of a complaint:

> District courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In short, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Thus, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir.2007).

In a case such as this, where a plaintiff has not yet stated any articulable claims against the defendants she names in a lawsuit, the vehicle for gaining an understanding of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides in part that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Here the defendants have requested that the Court order the plaintiff to make a more definite statement of her claims against these defendants, and we find that this case aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more definite statement. Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id. When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

Indeed, this case cries out for a more definite statement of the plaintiff's claims. While this matter has been pending in the courts for two-and-one-half years, the plaintiff's pleadings remain "so vague or ambiguous that the [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Indeed, as the defendants correctly note, in its current form, Ball's complaint: (1)"consists of pages of rambling unnumbered paragraphs, contrary to the prescription of Federal Rule of Civil Procedure 10(b)," (Doc. 78, p.3); (2) "ha[s] lumped together a plethora of averments with no organization or distinction and without sequential paragraphs,"(Doc. 78, p.5); and (3) "[t]he majority of the Complaint is now ostensibly superfluous [since many of these claims have been dismissed]." (Doc. 78, p.5)

We agree, and conclude that the time has now come for the plaintiff to move beyond mere labels and assert facts which articulate a legal claim. We further find that Ball has not satisfied the showing required for a motion to reconsider this decision by demonstrating: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). Therefore, recognizing that "Federal courts have a strong interest in the finality of judgments, [and] motions for reconsideration should be granted sparingly," Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995), we will deny this motion which does not meet the standards set by law for such motions.

Accordingly, the plaintiff's motion to reconsider defendants' motion for a more definite statement (Doc.84) IS DENIED and the plaintiff is ordered as follows:

### III.  Conclusion and Order

IT IS ORDERED that:

 1. On or before **December 28, 2011**, the plaintiff shall file an amended complaint in this case.

 2. The plaintiff's complaint shall be limited to the interference with mail claim which was remanded by the court of appeals and must recite factual allegations which are sufficient to raise the plaintiff's

claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

3. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

4. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action

pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* her complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this 5th day of December 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
