IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | |
|     Plaintiff | : | Civil Action No. 1:09-cv-00847 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| C.O. ODEN, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

**MEMORANDUM ORDER**

Plaintiff Dawn Ball initiated the above-captioned action on May 5, 2009 by filing a complaint alleging, in essence, that prison officials at the State Correctional Institution ("SCI") Muncy had taken and destroyed her property and legal papers. (Doc. No. 1.) On January 4, 2012, Plaintiff filed an amended complaint, naming twenty-eight Defendants: SCI Superintendent Marirosa Lamas; SCI-Superintendent's Assistant Troy Edwards; Mailroom Supervisor Peterson; Business Manager Koleno; Librarian Kopshina; Ms. Eiswerth; and Corrections Officers Oden, Reid, Curham, Pinard, Rager, Wolford, Gair, Hummel, Keen, Foulds, Griner, Campbell, Robenolt, Gridley, Blessing, Sisley, Craver, Miller, Redding, Nolte, Baker, and Barto. (Doc. No. 91.) Defendants filed a motion for summary judgment on August 14, 2012 (Doc. No. 120), and Magistrate Judge Carlson issued a Report and Recommendation on December 6, 2012, recommending that the motion be granted in part and denied in part (Doc. No. 129). Plaintiff filed a motion to object to the Report and Recommendation, as well as her objections to the report, on February 6, 2013. (Doc. Nos. 133, 134.)

The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and

1

Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

Plaintiff's objections fail to meaningfully address Magistrate Judge Carlson's legal findings. Rather, Plaintiff devotes a substantial portion of her objections to complaints regarding the conduct of Magistrate Judge Carlson who, in her view, is biased against her. The Court has rejected identical objections in other actions instituted by Plaintiff, and the Court, finding no merit to these objections, will also reject them here. See, e.g., Ball v. Hill, No. 09-cv-773, 2012 WL 4069737, at *1 (M.D. Pa. Sept. 17, 2012). Plaintiff's second chief objection is essentially that she should not be forced to comply with court orders, applicable rules, and the administrative grievance process because counsel should be appointed to represent her. For example, she contends that she "should not have to amend a complaint when [it] can be proven [that she exhausted administrative remedies] with the help of an attorney," and that she does "not know what [she is] doing on [her] own." (Doc. No. 134 at 6-7.) Civil litigants, however, are not entitled to counsel, and the appointment of counsel is a matter of discretion for the Court. Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993). Indeed, Magistrate Judge Carlson previously addressed this issue and found that Plaintiff is not entitled to the appointment of counsel principally because she has demonstrated an ability to adequately litigate this action, as evidenced by her filing of numerous motions and briefs. (See Doc. No. 39.) The Court agrees with this finding and, upon a review of the record and the applicable law, detects no error in any of the legal conclusions contained in the Report and Recommendation.

**ACCORDINGLY**, on this 19th day of February 2013, **IT IS HEREBY ORDERED THAT:**

1.  Magistrate Judge Carlson's Report and Recommendation (Doc. No. 129) is **ADOPTED**;

2.  Plaintiff's motion to object to the Report and Recommendation (Doc. No. 133) is **GRANTED**, and Plaintiff's objections (Doc. No. 134) are **OVERRULED**;

3.  Defendants' motion for summary judgment (Doc. No. 120) is **GRANTED IN PART** and **DENIED IN PART AS FOLLOWS:**

    a.  The motion is **GRANTED** in favor of Defendants Lamas, Peterson, Koleno, Kopshina, Eiswerth, Oden, Reid, Curham, Pinard, Rager, Wolford, Gair, Hummel, Keen, Foulds, Robenolt, Gridley, Sisley, Craver, Miller, Redding, Nolte, Baker, and Barto with respect to the claims Plaintiffs raised against them, and the Clerk of Court is directed to **TERMINATE** these Defendants from the above-captioned action;

    b.  The motion is **GRANTED** in favor of Defendants Griner and Campbell with respect to Plaintiff's claims against them arising out of events that allegedly occurred from September 17, 2008 to September 18, 2008, and on October 23, 2008;

    c.  The motion is **DENIED** with respect to the mail-processing claims Plaintiff raises against Defendants Griner and Campbell, arising out of events that allegedly occurred from January 23, 2008 to February 19, 2008, provided that Plaintiff file an amended complaint within twenty days of the date of this order to ensure that the dates in the complaint conform with the dates alleged in her prison grievance, one week from March 11, 2008, through March 17, 2008;

    d.  The motion is **DENIED** with respect to Plaintiff's claims against Defendant Blessing, provided that Plaintiff file an amended complaint within twenty days of the date of this order to conform with the exhausted allegations in her prison grievance, namely, that on January 12, 2009, Defendant Blessing opened mail that was addressed as "legal" without the approval of the Superintendent and the Department Secretary and without telling Plaintiff that her mail was to be opened, read, and/or monitored;

    e.  The motion is **DENIED** with respect to Plaintiff's fully-grieved claim against Defendant Edwards that he allegedly stole puzzles that Plaintiff's mother had mailed to her, provided that Plaintiff file an amended complaint within twenty days to conform with the exhausted allegations in her prison grievance; and

    f.  The motion is **GRANTED** in favor of Defendant Edwards with respect to

> Plaintiff's unexhausted claim that Defendant Edwards allegedly refused to return a letter that Plaintiff's attorney had sent to her;

4. The remaining Defendants are directed to file any appropriate dispositive motion addressing the merits of the remaining claims within thirty days after Plaintiff files an amended complaint or, if Plaintiff fails to file an amended complaint, within fifty days of the date of this order; and

5. All further proceedings in this action are referred to Magistrate Judge Carlson.

                                          s/ Yvette Kane
                                          Yvette Kane, Chief Judge
                                          U.S. District Court
                                          Middle District of Pennsylvania